IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| RICHARD D. YOUNG | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0123-K-BD |
| | § | |
| MIDLOTHIAN INDEPENDENT SCHOOL DISTRICT | § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Plaintiff Richard D. Young has filed a motion for appointment of counsel in this *pro se* discrimination and retaliation case brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* There is no automatic right to the appointment of counsel in an employment discrimination suit. *See Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977). Rather, the decision is left to the sound discretion of the trial court. The court must consider: (1) the merits of the claim; (2) efforts taken to obtain a lawyer; and (3) the financial ability of plaintiff to retain counsel. *See Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990). No single factor is conclusive. *Id.*

Prior to filing suit, plaintiff filed a charge of discrimination with the EEOC. The agency investigated the charge, but was "unable to conclude that the information obtained establishes violations of the statutes." (Plf. Compl., Attch.). Such a determination is "highly probative" in deciding whether to appoint counsel in a subsequent judicial proceeding. *See Gonzalez*, 907 F.2d at 580; *Caston*, 556 F.2d at 1309. Although plaintiff lacks the financial resources to hire a lawyer, that factor alone does not warrant the appointment of counsel.

For these reasons, plaintiff's motion for appointment of counsel [Doc. #3] is denied without prejudice. Plaintiff may reurge his motion if this case survives dismissal after dispositive motions are decided.

SO ORDERED.

DATED: January 28, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE