IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD D. YOUNG | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0123-BD |
| | § | |
| MIDLOTHIAN INDEPENDENT SCHOOL DISTRICT | § § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ORDER**

Defendant Midlothian Independent School District ("MISD") has filed a motion for summary judgment in this *pro se* discrimination and retaliation case brought under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.* As best the court understands his claims, plaintiff, an African American who worked for defendant as a school bus driver, alleges that he was denied promotion to an office position with the Transportation Department on account of his race, and that his at-will employment was later terminated "on the basis of discrimination, retaliation, and sexual orientation." (*See* Doc. #1 at Page ID 1). Among the grounds upon which defendant seeks summary judgment are that plaintiff cannot establish a prima facie case of discrimination or retaliation, or demonstrate that the legitimate reasons articulated by defendant for its employment decisions were pretextual. The issues have been briefed by the parties, and the motion is ripe for determination.[1]

---

[1] The court previously granted summary judgment in favor of defendant after plaintiff failed to file a response or any controverting evidence. (*See* Docs. #31 & 32). After entry of a final judgment, plaintiff advised the court that he timely mailed his summary judgment response, brief, and appendix of evidence to the clerk and opposing counsel, but for some reason, those materials were never docketed in the case. At plaintiff's request, the court vacated its summary judgment order and allowed him to file a response and controverting evidence. (*See* Doc. #35). The court now considers defendant's motion for summary judgment anew.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). The verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4); *see also King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122-23 (5th Cir. 1993).

In order to satisfy his burden on summary judgment, plaintiff must adduce sufficient direct or circumstantial evidence that would permit a reasonable trier of fact to find that he was denied a promotion or terminated on account of his race.[2] "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2572 (2003). Alternatively, plaintiff may rely on circumstantial evidence to prove discrimination. Where a plaintiff relies on

---

[2] To the extent plaintiff sues for discrimination based on his sexual orientation, such a claim is not cognizable under Title VII. *See Blum v. Gulf Oil Co.*, 597 F.2d 936, 938 (5th Cir. 1979).

circumstantial evidence to prove discriminatory animus, the court must apply the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). First, the plaintiff must establish a prima facie case of discrimination, which "creates a presumption that the employer unlawfully discriminated against the employee." *Tex. Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). Once the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its employment decision. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993). If the defendant meets its burden, the prima facie case disappears and the plaintiff must offer sufficient evidence to create a genuine issue of material fact on the ultimate issue of intentional discrimination. *See Evans v. City of Bishop*, 238 F.3d 586, 590 (5th Cir. 2000). This can be done by offering evidence of either pretext or mixed motives. *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).

The court initially observes that the record is devoid of any direct evidence of discrimination, such as statements by defendant which show on their face that plaintiff was denied a promotion or terminated from his job as a school bus driver because he is African American. *See Fabela v. Socorro Independent School Dist.*, 329 F.3d 409, 415 (5th Cir. 2003).[3] Nor has plaintiff satisfied his burden of proving race discrimination through circumstantial evidence. In order to establish a prima facie case of discrimination for failure to promote, plaintiff must show, *inter alia*, that he

---

[3] In his summary judgment response brief, plaintiff states that "at least two other school bus drivers, outside his protected class, made comments to one or more bus drivers about the plaintiff being a 'n*****' and ma[de] other derogatory comments." (*See* Doc. #38 at Page ID 504). Not only is this unsworn allegation inadmissible in a summary judgment proceeding, but it does not constitute direct evidence of discrimination even if considered by the court. *See, e.g. Black v. Lockheed Martin, Ltd.*, No. 4-03-CV-1468-Y, 2006 WL 547829 at *3 (N.D. Tex. Mar. 7, 2006), *quoting Price Waterhouse v. Hopkins*, 490 U.S. 228, 277, 109 S.Ct. 1775, 1804-05, 104 L.Ed.2d 268 (1989) (O'Connor, J., concurring) (direct evidence does not include stray remarks in the workplace, statements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process itself).

sought and was qualified for an available position. *See Grimes v. Texas Dept. of Mental Health and Mental Retardation,* 102 F.3d 137, 140 (5th Cir. 1996). At his deposition, plaintiff admitted that he did not apply for an office job with the Transportation Department when one became available. (*See* Doc. #29-10 at Page ID 340-41). Although plaintiff alleges in his unsworn complaint that he verbally applied for such a position in the spring of 2009, (*see* Doc. #1 at Page ID 8), and states in his complaint and summary judgment response brief that he was never given an application or interviewed for the office job, (*see id.* at Page ID 8 & Doc. #38 at Page ID 515), the uncontroverted evidence shows that no position was open at that time. (*See* Doc. #29-7 at Page ID 225, ¶ 5). After the office clerk position was posted online and at the MISD Administration Building on September 23, 2009, plaintiff never applied for the job. (*See id.* at Page ID 226, ¶¶ 6-7 & Doc. #29-10 at Page ID 341).

In order to establish a prima facie case of discriminatory termination, plaintiff must show, *inter alia*, that he was replaced by a person outside of his protected class or that other similarly-situated employees were treated more favorably. *Willis v. Coca Cola Enterprises, Inc.,* 445 F.3d 413, 420 (5th Cir. 2006); *see also Byers v. Dallas Morning News, Inc.,* 209 F.3d 419, 426 (5th Cir. 2000). Even if plaintiff could establish a prima facie case of discriminatory termination,[4] defendant has offered evidence that plaintiff was fired for repeatedly failing to control the students on his bus, for violating district policy by allowing students to congregate at the front of the bus and operate the door controls, for removing all students from his bus and refusing to drive his assigned route on

---

[4] Plaintiff argues in his summary judgment response that he was replaced by someone outside his protected class, later identified as Ron Tarr, and that he was treated less favorably than other drivers outside his protected class who were reprimanded or otherwise disciplined, but were not suspended or terminated. (*See* Doc. #38 at Page ID 516-21 & Doc. #39 at Page ID 606-76). However, these unsworn pleadings and the unauthenticated documents tendered by plaintiff are not competent summary judgment evidence. *See Stingley v. Den-Mar Inc.,* 347 Fed.Appx. 14, 18, 2009 WL 2762374 at *3 (5th Cir. Sept. 1, 2009), *cert. denied,* 130 S.Ct. 1888 (2010) (court may not consider unauthenticated documents in ruling on motion for summary judgment).

April 9, 2010, and for his general unwillingness to remedy repeated acts of misconduct. (*See* Doc. #29-3 at Page ID 166-67, ¶¶ 11-13 & Doc. #29-4 at Page ID 217-18, ¶¶ 9-14). Plaintiff counters with evidence, none of which is properly authenticated, that other employees who violated similar policies were not fired. (*See* Doc. #38 at Page ID 516-21 & Doc. #39 at Page ID 606-74). However, plaintiff has failed to show that any of these other employment actions "were taken under nearly identical circumstances[,]" that the comparator employees had "comparable violation histories[,]" and the "conduct that drew the adverse employment decision [was] nearly identical." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 659 (5th Cir. 2012), *quoting Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009). Specifically, plaintiff has not identified any other bus driver who was reprimanded multiple times and, within the course of just a few days, allowed students to engage in misconduct, removed all students from his bus, and refused to drive his assigned route.

Nor has plaintiff established a prima facie case of retaliation. An essential element of a retaliation claim is a "causal link" between the protected activity and the adverse employment action. *See McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 & 562 (5th Cir. 2007). No such "causal link" exists here. In her sworn affidavit, Robin Bullock, the Deputy Superintendent of Midlothian ISD, states that she made the decision to fire plaintiff based on misconduct that occurred on April 8 and 9, 2010. (*See* Doc. #29-3 at Page ID 167, ¶ 13). According to Bullock:

> At no time during the decision-making process or prior to that time, was I aware that Richard Young made a complaint to the District about discrimination, racism, or retaliation. I was aware that Mr. Young complained during the 2006-2007 school year about a situation involving two of his co-workers who were involved in a romantic relationship that was not related to their positions as bus drivers for Midlothian Independent School District, and I was aware of his 2005 complaints about other District employees and his 2006 complaint about the Transportation Department, but none related to discrimination, racism, or retaliation.

(*Id.* at Page ID 167, ¶ 14). Without any evidence to controvert this testimony, plaintiff cannot establish a genuine issue of material fact for trial. To the extent plaintiff claims that he was fired for complaining about unsafe driving conditions, the management of the Transportation Department, being assigned a high-mileage bus, or his perception of supervisors and co-workers, such conduct is not protected activity under Title VII. *See, e.g. Garza v. Laredo Independent School Dist.*, 309 Fed.Appx. 806, 811, 2009 WL 221258 at *4 (5th Cir. Jan. 30, 2009) (citing cases).[5]

## CONCLUSION

Defendant's motion for summary judgment [Doc. #29] is granted. The court will dismiss this action with prejudice by separate judgment filed today.

SO ORDERED.

DATED: May 3, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[5] Nor are these kinds of personal grievances protected speech under the First Amendment. *See, e.g. McCoy*, 492 F.3d at 562-63; *Communication Workers of America v. Ector County Hosp. Dist.*, 467 F.3d 427, 437 (5th Cir. 2006).